CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
JULIA DEIXLER (Bar No. 301954)
(E-Mail: Julia_Deixler@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JOHN EDWARD ZERETZKE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN EDWARD ZERETZKE,<br><br>        Defendant. | Case No. CR 18-549-FMO<br><br>**JOHN EDWARD ZERETZKE'S AMENDED POSITION REGARDING SENTENCING; SENTENCING LETTERS**<br><br>Hearing Date: August 19, 2021<br>Hearing Time: 11:00 a.m. |

Defendant John Edward Zeretzke, by and through his counsel, Deputy Federal Public Defender Julia Deixler, hereby submits his Amended Position Regarding Sentencing, as well as additional letters in support of his sentencing position.

                              Respectfully submitted,

                              CUAUHTEMOC ORTEGA
                              Federal Public Defender

DATED: August 8, 2021    By  /s/ Julia Deixler
                              JULIA DEIXLER
                              Deputy Federal Public Defender
                              Attorney for John Edward Zeretzke

## AMENDED POSITION REGARDING SENTENCING

On February 5, 2020, the parties filed a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Dkt. 48 (hereinafter "the original plea agreement"). In the original plea agreement, the parties agreed that the appropriate sentence in this matter was 216 months, followed by a term of at least five years of supervised release. *See id.* ¶ 19. The parties also agreed that the sentence imposed in this case should run fully concurrently with the 18-year sentence imposed in *People v. Zeretzke*, Case Number 19ZF0002, in the Superior Court of the State of California, County of Orange. *Id.*

On August 13, 2020, Mr. Zeretzke entered a plea of guilty, pursuant to the original plea agreement. After that hearing, and upon additional research regarding the imposition of time credits for concurrent state and federal custody, defense counsel learned that the Bureau of Prisons would not credit towards his federal sentence the time that Mr. Zeretzke has already served in state custody. Mr. Zeretzke is currently in primary state custody and is only temporarily in federal custody pursuant to a writ of habeas corpus. It is the parties' understanding that, pursuant to 18 U.S.C. § 3585, Mr. Zeretzke will not begin to accrue credit for federal time served until the date of his federal sentencing, which is currently scheduled for August 19, 2021.

Based on the foregoing, the parties determined that their intention when signing the original plea agreement that Mr. Zeretzke's state and federal sentences would run fully concurrently could not be accomplished by the terms of that agreement. Therefore, on January 8, 2021, the parties filed an amendment to the original agreement, which sought to remedy the error in the original plea agreement and to comply with the parties' intention that Mr. Zeretzke be sentenced to no more than 18 years of total imprisonment, to be served fully concurrently in both cases. *See* Dkt. 69, 70. Concurrent with the amended plea agreement, the parties filed a stipulation explaining the basis for the amendment. In that stipulation, the parties also agreed that Mr. Zeretzke should enter his agreement to the amendment on the record before

1

sentencing, and that at that time, the Court should place defendant under oath and engage in the standard plea colloquy required by Federal Rule of Criminal Procedure 11 regarding the amendment. *See* Dkt. 70 ¶ 9.

The amendment calculated a new sentence of 189 months, which took into account credit for the time Mr. Zeretzke had served up to that point. *See* Dkt. 69. That calculation was based upon a presumption that Mr. Zeretzke would be sentenced on March 4, 2021. *Id.* However, the parties agreed in the amended plea agreement that, should sentencing not proceed on March 4, 202[1], the Court should subtract "the additional time beyond March 4, 202[1] that Defendant remains in custody pending sentencing, accounting for 'good time' credit." *Id.*[1]

Mr. Zeretzke has remained in continuous state custody since April 10, 2019. Dkt. 79 (Amended PSR) at 1. By the time of sentencing on August 19, 2021, he will have served 862 days of actual time (28 months, 9 days), which is equivalent to 1,014 days (33 months, 11 days) with "good time" credit. The defense therefore requests a sentence of **183 months**, which is equivalent to the original agreement to 216 months, less time served with good time credit.

Based on the foregoing, and for the reasons stated in his Sentencing Position filed on February 22, 2021 (Dkt. 72), Mr. Zeretzke respectfully requests that the Court impose a sentence of 183 months, followed by five years of supervised release, for the reasons stated herein and in his Sentencing Position filed on. *See* Dkt. 72.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: August 8, 2021      By  /s/ Julia Deixler
JULIA DEIXLER
Deputy Federal Public Defender
Attorney for John Edward Zeretzke

---

[1] The plea agreement contains a typo stating "March 4, 2020" instead of "March 4, 2021."

2